UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>           v.<br><br>ALLEN FARRIS WRIGHT,<br><br>                          Defendant. | Case No. 2:13-cr-00077-BLW<br><br>**MEMORANDUM DECISION & ORDER** |

## INTRODUCTION

Pending before the Court is defendant Allen Farris Wright's unopposed Motion for Early Termination of Probation. (Dkt. 42). For the reasons explained below, the Court will reluctantly grant the motion.

## BACKGROUND

In August 2013, defendant Allen Wright pleaded guilty to unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Wright said he purchased the gun because he wanted to fit in with other people in Montana. The guidelines range for

ORDER - 1

Wright's offense was 18 to 24 months' imprisonment, followed by a term of supervised release for one to three years. *See Dec. 5, 2013 Statement of Reasons,* Dkt. 40, at 1.

In December 2013, the Court imposed a below-guidelines sentence of five years' probation. The Court explained that "a variance is warranted and appropriate based upon impaired cognitive ability, that the offense was committed without apparent criminal purpose, an over-representative criminal history category, strong family support, and that incarceration would not be in the best interests of the defendant." *Id.* at 3.

Wright has now served a little less than two years of the five-year probation term. During this time, he opened a tattoo shop in Libby, Montana. The shop has been relatively successful, but Wright has nonetheless concluded that he cannot make ends meet by continuing to operate the shop in Libby. Libby is a small town (less than 3,000 residents) and, according to defendant, the area is economically depressed. In particular, Wright says business is slow in the winter and he is anxious about his ability to continue operating the shop. As he puts it, "With winter coming [m]y business will drop drastically, because the whole town shuts down. I honestly don't think I will be able to keep my business running through another winter." *Wright Letter (undated), Ex. C to Motion,* Dkt. 42-4, at 1.

Wright wants to move to California. He has secured a job from a tattoo shop in Carson, California. He reports that he would be earning between $80 and $120 per hour at this shop. *See Wright Letter (undated), Ex. C to Motion*, Dkt. 42-4, at 28. Additionally, Wright's fiancé found a better-paying job in Riverside, California and has already moved there, anticipating that Wright would follow. Wright asked that his

**ORDER - 2**

probation be transferred to the Central District of California, but his request was denied, reportedly because Wright does not have any immediate family in the area. Under these circumstances, Wright's probation officer recommended that he apply to this Court for early termination of his probation. The government does not oppose the motion.

## STANDARD

Early termination of probation is governed by 18 U.S.C. § 3564(c), which requires the court to consider factors set forth in § 3553(a), to the extent they are applicable. Those factors "include the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines." *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir.2002) (considering factors enumerated in § 3583(e) for early termination of supervised release). After considering those § 3553(a) factors, the court may "terminate a term of probation previously ordered and discharge the defendant at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3564(c).

## ANALYSIS

Wright's motion does not meaningfully address all the relevant § 3553(a) factors, such as the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need for deterrence;

ORDER - 3

the need to protect the public; the need to provide defendant with training or medical care; the relevant policies and provisions of the Sentencing Guidelines; and the need to avoid sentencing disparities.  Instead, Wright focuses primarily on these facts:  (1) he has a solid job offer in California, (2) his fiancé now lives in California; (3) he cannot move to California because the Central District of California denied his transfer request; and (4) he has mostly complied with the terms of probation.

The Court is thus presented with a frustrating situation:  The Court believes there is some indication that Wright would benefit from continued probation.  Among other things, the Court is troubled by the fact that he tagged an underpass in Arizona during a road trip.  *See Motion Mem.,* Dkt. 42-1, at 8.  By the same token, however, Wright's behavior on probation has otherwise been excellent, and the Court believes he should be allowed to move to California to take the job that has been offered to him, and to be with his fiancé and her sons.  It is unfortunate that the Central District of California will not accept the transfer of supervision, since that would truly be the best solution for Wright.

After having reviewed the entire record, and with these limited options, the Court finds that allowing Wright to move to California will best serve the interests of justice and of this defendant.  Accordingly, upon consideration of the § 3553(a) factors listed above, the Court concludes that the interests of justice justify early termination of probation.  The Court will therefore grant this unopposed motion.

## ORDER

Defendant Allen Farris Wright's unopposed Motion for Early Termination of Probation (Dkt. 42) is **GRANTED**.

DATED: November 12, 2015

B. Lynn Winmill
Chief Judge
United States District Court

**ORDER - 5**